UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| - v. - | : | |
| STEVEN REGINALD, | : | 07 Cr. 349 (DAB) |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

MICHAEL J. GARCIA
*United States Attorney for the*
*Southern District of New York*
*Attorney for the United States*
*of America*

RANDALL W. JACKSON
Assistant United States Attorney,
*Of Counsel*



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

May 27, 2008

**BY ECF**

Honorable Deborah A. Batts
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        **Re: United States v. Steven Reginald**
            **07 Cr. 349(DAB)**

Dear Judge Batts:

      The Government respectfully submits this letter in advance of the sentencing of Steven Reginald (the "defendant"), which is currently scheduled for June 2, 2008, at 10:00 a.m. For the reasons described below, the Government believes that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing.

### Background

      On or about August 20, 1993, the defendant was convicted in New York Supreme Court, Queens County, of Robbery in the Second Degree. (PSR ¶¶ 5, 25). As a result of this conviction, on or about December 13, 1995, the defendant was deported to Guyana, his native country. (PSR ¶¶ 5, 25, 31). The defendant subsequently reentered the United States without having obtained the permission of the Attorney General of the United States or the Secretary of the Department of Homeland Security. (PSR ¶¶ 6, 7, 9, 35). On or about March 28, 2007, federal agents arrested Reginald at a Home in Queens County, New York. (PSR ¶ 6).

### Discussion

      The United States Sentencing Guidelines (the "Guidelines") still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although *Booker* held that the Guidelines are no longer

1

mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall* v. *United States*, 128 S. Ct. at 597.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 2007 WL 4292116, at *7 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 2007 WL 4292116, at *6; *see also Rita* v. *United States*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 126 S. Ct. at 597.

The PSR correctly calculates the defendant's criminal history category is IV, and that the total offense level is 21. (PSR ¶¶ 20, 30). The applicable Guidelines range is therefore 57 to 71 months' imprisonment. (PSR ¶ 47). The Guidelines provide that this range must be satisfied by a term of imprisonment. U.S.S.G. § 5C1.1(f). The Government submits that consideration of the § 3553 factors militates in favor of a Guidelines sentence. The defendant was deported after the commission of multiple violent felonies. The need for adequate deterrence, both specific and general, is particularly implicated by the defendant's conduct.

## Conclusion

For the foregoing reasons, the Government respectfully submits that a sentence within the Guidelines range calculated in the PSR, 57 to 71 months' imprisonment, would be sufficient, but not greater than necessary, to achieve the legitimate purposes of sentencing.

                                              Respectfully submitted,

                                              MICHAEL J. GARCIA
                                              United States Attorney
                                              Southern District of New York

By:           /s/
            Randall W. Jackson
            Assistant United States Attorney
            212-637-1029

cc:    Darmin Bachu, Esq.